
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA JOLLA FRIENDS OF THE SEALS, a nonprofit organization and JAMES H.N. HUDNALL, Jr., an individual, | No. 09-55828 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-01847-WQH-POR |
| v. | |
| NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION'S NATIONAL MARINE FISHERIES SERVICE, an agency of the U.S. Dept. of Commerce; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted October 6, 2010
Pasadena, California

Before: CUDAHY,[**] WARDLAW and W. FLETCHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

La Jolla Friends of the Seals ("Friends") appeals the dismissal of its claims against the City of San Diego ("City"), the National Marine Fisheries Service ("NMFS"), and various federal officials, for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss the claim against the City as moot, and affirm the district court's dismissal of the claim against the federal defendants. We remand Friends' request for attorney's fees to the district court.

1. After Friends filed this lawsuit, California amended the Children's Pool Beach trust to allow for the protection of marine mammals, and the state court vacated its temporary restraining order enjoining installation of a protective barrier during seal pupping season. These developments have provided "everything [Friends] hoped to achieve by this action," as to the City. *Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 876 (9th Cir. 2006). Friends' contention that the harm could recur due to the spectre of future litigation is too speculative to support Article III jurisdiction. *See Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985). Therefore Friends' claim against the City is dismissed as moot.

2. The district court correctly concluded that it lacked jurisdiction over Friends' claim against the federal defendants because there is no statutory basis for review. The Administrative Procedure Act authorizes lawsuits to challenge "final

2

agency action." 5 U.S.C. § 704; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). The statement by the local NMFS director who explained how certain exceptions to the Marine Mammal Protection Act could apply at a meeting of the City Council is not final agency action. *See Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *Ecology Ctr., Inc. v. U.S. Forest Serv.*, 192 F.3d 922, 925 (9th Cir. 1999).

3. The district court has not yet ruled on Friends' request for attorney's fees, which it raises on appeal for the first time in its reply brief. Therefore, we remand the request to the district court, which had jurisdiction because Friends' state law claim raised a substantial issue of federal law, *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), and "retains equitable jurisdiction" over attorney's fees "even when the underlying case is moot," *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999).

**AFFIRMED in part; DISMISSED in part; REMANDED in part.**